**GOVERNMENT EMPLOYEES INSUR-ANCE COMPANY, Plaintiff,**

v.

**Robert E. SWANSON by Edith Swanson, his Guardian Ad Litem, Lawrence A. Tussing, Motors Insurance Corporation, and Edith Swanson, Defendants.**

Civ. No. 3-65-51.

United States District Court
D. Minnesota,
Third Division.

Oct. 7, 1965.

Peterson & Holtze, by Ira C. Peterson, Jr., and Theodore N. Treat, Jr., Minneapolis, Minn., for plaintiff.

Frank T. Read, of Hansen & Hazen, St. Paul, Minn., for defendants Robert E. Swanson and Edith Swanson.

Firestone, Fink, Krawetz, Miley & O'Neill, by William W. Fink and Kenneth J. Maas, Jr., St. Paul, Minn., for defendant Lawrence A. Tussing.

Andrew P. Engebretson, St. Paul, Minn., for defendant Motors Ins. Corp.

DONOVAN, District Judge.

Plaintiff in this proceeding seeks declaratory relief in the nature of law and equity. The proceeding might be considered a suit for a declaratory judgment.

Plaintiff and defendant Motors Insurance Corporation (hereinafter referred to as "Motors") are corporations foreign to Minnesota. The citizenship of plaintiff is diverse from that of defendants. Plaintiff alleges the amount in controversy exceeds, exclusive of interest and costs, the sum of Ten Thousand Dollars.

Plaintiff's case is simply stated, with commendable brevity, in paragraphs four to thirteen of its complaint, wherein plaintiff alleges:

"4. That during 1962 or sometime prior thereto, plaintiff issued to Defendant Robert E. Swanson a policy of automobile insurance. The policy required the payment of a stipulated premium periodically thereafter as a condition precedent to its continuance in force.

"5. That no part of the premium due at 12:01 A.M. June 20, 1964, was ever paid, and the policy ceased

to have any force or effect after that time.

"6. On June 22, 1964, Defendants Robert E. Swanson and Lawrence A. Tussing collided while operating their respective automobiles on Highway 36 in Ramsey County, Minnesota, and incurred injuries, expenses and damages as a result thereof.

"7. That Defendant Edith Swanson is the wife and duly appointed and acting guardian of the person and estate of Defendant Robert E. Swanson.

"8. That Defendant Lawrence A. Tussing claims he was insured with Defendant Motors Insurance Corporation for collision damage on his automobile at the time of said accident.

"9. That each of the defendants is claiming that the aforementioned policy was in full force and effect at the time of the accident of June 22, 1964.

"10. That Defendant Lawrence A. Tussing has brought an action against Defendant Robert E. Swanson in the District Court for Washington County, Minnesota, for injuries, expenses and damages arising out of said accident.

"11. That Defendant Robert E. Swanson, through his guardian and attorneys has demanded that plaintiff defend said action and pay any verdict or judgment rendered therein.

"12. That plaintiff is defending said action, through other attorneys, under a non-waiver agreement.

"13. That by reason of these conflicting claims, plaintiff is in great doubt as to whether it is obliged to defend said Robert E. Swanson in said action and as to whether it may be required to pay any claims arising out of said accident."

The doubtful relief sought by plaintiff is a judgment that it is not required to defend the action brought by Tussing against Swanson and that none of the defendants are entitled to recover from plaintiff under the automobile insurance policy in question.

Defendants Swanson substantially admit the allegations of most of these paragraphs, but demand proof of those in paragraphs 4 and 8 and deny those in paragraphs 5 and 13. They further plead affirmatively that plaintiff renewed the policy, by its renewal certificate dated March 24, 1964, for a period of one year; that plaintiff failed to cancel said policy during said extended period of renewal at any time before the occurrence of the accident, and that insurance coverage was therefore still in effect at that time; and that plaintiff by its extension certificate and its practice and conduct had extended credit to Robert E. Swanson. Defendants Swanson also counterclaim, seeking a judgment that Robert E. Swanson was covered by the insurance policy on the date of the accident.

Defendants Tussing and Motors, in their separate answers, both deny the allegations of paragraphs 5 and 13, and the second sentence of paragraph 4. Motors admits the allegations of all other paragraphs, and Tussing admits all except those in paragraphs 7, 11, and 12, for which he demands proof. Motors also alleges affirmatively that Swanson was insured by plaintiff against liability for propery damage at the time and place of the accident. Both pray for judgment that plaintiff be required to defend the action brought by Tussing against Swanson and that they are entitled to recover against plaintiff under Swanson's policy.

In deciding whether the policy of insurance was still in force at the time of the accident, it appears that the sole dispositive issue is whether the policy was cancelled on June 20, 1964. If it was not cancelled it was still in effect, and plaintiff is liable under the policy.[1]

1. See M.S.A. § 170.41.

■ This Court is the trier of the facts and the judge of the credibility of the witnesses and of the weight of the evidence and is to resolve "doubtful issues," and such power of the trial court is not limited to deciding them correctly if an earnest effort is made to be correct in so deciding, and if in so doing a permissible conclusion is reached.

The contract of insurance in the present case provides:

"16. Cancelation: This policy may be canceled by the insured named in the declarations by mailing to the company written notice stating when thereafter the cancelation shall be effective. This policy may be canceled by the company by mailing to the insured named in the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such insured or by the company shall be equivalent to mailing."

Plaintiff attempted to cancel the contract of insurance by mailing notice of cancellation by certified mail. The mailman attempted to deliver the notice, but no one was at home, so he left only a mail arrival notice at the Swanson residence, and the notice of cancellation was held at the Post Office and was never received by Swanson.

■ In considering this issue in the instant diversity case, the Court must follow the law of the forum, and in the absence thereof must predict what the Minnesota Supreme Court would hold that law to be.

■ The Minnesota Supreme Court, in interpreting a cancellation provision which was practically identical with the one involved herein, held that under such provision there is no cancellation unless the insured actually receives notice of cancellation. It also held that a contrary interpretation would violate the public policy of the State of Minnesota. Mere mailing of a notice of cancellation does not provide conclusive evidence that it was received. Whether it was received by the insured is a question of fact to be determined by the evidence in each particular case.[2]

■■ This Court finds that plaintiff has not carried its burden of proving that defendant Robert E. Swanson received notice of cancellation. Therefore, this Court concludes that the policy in question was still in effect at the time of the accident. Plaintiff admits that it is "*in great doubt* as to whether it is obliged to defendant said Robert E. Swanson in said action and as to whether it may be required to pay any claims arising out of said accident." (Emphasis supplied.) Such doubt must be, like ambiguity, resolved in favor of the insured.

■ This Court has carefully considered plaintiff's argument that something less than actual physical receipt of the cancellation notice would satisfy the requirements for cancellation which are set forth in Donarski. It is unnecessary to determine whether, under Minnesota law, the receiving of actual notice in some other manner would suffice as this Court finds that plaintiff has failed to prove that Robert E. Swanson actually received any notice. Plaintiff's theory of constructive notice would appear inapplicable, for under this type of reasoning, an insured party might always be presumed to know that notice of cancellation has been mailed, since he presumably knows his policy period and the date on which he paid his last premium, and therefore reasonably should know that his policy has expired and that cancellation is therefore forthcoming. The Minnesota Supreme Court has determined in Donarski that an insured party, to be properly protected, must actually receive

2. Donarski v. Lardy, 251 Minn. 358, 88 N.W.2d 7.

notice of cancellation, at *least* under this particular contractual provision. The burden has been placed on the insurance company, and such a judgment is not to be questioned in the Federal courts.

The attorney for defendants Swanson has moved for the allowance of his attorney's fees. It is the opinion of this Court that only such fees should be allowed as represent the cost of conducting the trial. Swansons' attorney spent a total of two days in court, and $400.00 is a reasonable fee.